UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RYAN DERRIMAN, *individually,*
*and on behalf of all others similarly situated,*

      Plaintiff,                      CASE NO.: 8:23-cv-01132-CEH-MRM

vs.

MIZZEN AND MAIN, LLC,

      Defendant.
_____/

**FIRST AMENDED CLASS ACTION COMPLAINT[1]**

---

[1] Plaintiff hereby amends his Complaint as a matter of course, thereby mooting Defendant's Motion to Compel Individual Arbitration and Dismiss. [DE 2]. *See Grasty v. Colorado Tech. Univ.*, 599 F. App'x 596, 597 (7th Cir. 2015) (concluding that "[m]otions to compel arbitration . . . are brought properly under Federal Rule of Civil Procedure 12(b)(3)"); *Balen v. Holland Am. Line Inc.*, 583 F.3d 647, 652 (9th Cir. 2009); *Cancer Ctr. Assocs. for Research and Excellence, Inc. v. Phila. Ins. Cos.*, No. 1:15-CV-00084 LJO MJS, 2015 U.S. Dist. LEXIS 51091, 2015 WL 1766938, at *2 (E.D. Cal. Apr. 17, 2015) ("[C]ourts have held that a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction 'is a procedurally sufficient mechanism to enforce [an] [a]rbitration [p]rovision.'"); *Coup v. Scottsdale Plaza Resort, LLC*, 823 F. Supp. 2d 931, 938 (D. Ariz. 2011) (motion to compel arbitration may be properly brought pursuant to Rule 12(b)(1) or 12(b)(6)); *Cedars-Sinai Med. Ctr. v. Global Excel Mgmt., Inc.*, No. CV 09-3627, 2010 U.S. Dist. LEXIS 139848, 2010 WL 5572079, at *2 (C.D. Cal. Mar. 19, 2010) (citing *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 n.4 (9th Cir. 1988)) (treating a motion to compel arbitration as a Rule 12(b)(3) motion); *Lemberg v. Lularoe*, No. ED CV 17-02102-AB (SHKx), 2018 U.S. Dist. LEXIS 239291 (C.D. Cal. Mar. 1, 2018) ("Because LLR's Motion to Compel Arbitration is targeted at a previous iteration of the Complaint in this action, LLR's Motion to Compel is denied as moot. Plaintiffs' FAC adds new Plaintiffs and causes of action, and thus if Defendants seek to compel arbitration, Defendants should file a Motion to Compel Arbitration based upon Plaintiffs' FAC.") (*citing Armendariz v. Ace Cash Express*, No. 3:13-CV-00590-BR, 2013 U.S. Dist. LEXIS 101078, 2013 WL 3791438, at *1 (D. Or. July 19, 2013) (finding that a motion to compel arbitration "suffices as a 'responsive pleading' to Plaintiff's Complaint or as an unenumerated motion under Rule 12(b), and, therefore, Plaintiff was permitted to file a First Amended Complaint pursuant to Rule 15(a)(1)(B) without first obtaining leave of Court or consent of Defendant.").

1

COMES NOW Plaintiff Ryan Derriman ("Plaintiff"), and brings this class action against Defendant Mizzen & Main LLC ("Defendant") for Defendant's violations of the Florida Telephone Solicitation Act, Fla. Stat. § 501.059, alleging as follows:

## NATURE OF THE ACTION

1. This is a class action under the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059, as amended by Senate Bill No. 1120.[2]

2. Defendant is a consumer goods and services retailer.

3. To promote its products and services, Defendant engages in telephonic sales calls to consumers without having secured prior express written consent as required by the FTSA.

4. To promote its products and services, Defendant engages in telephonic sales calls to consumers from a telephone number: 1) made available through a caller identification service, and; 2) not capable of receiving telephone calls.

5. Plaintiff and the Class members have been aggrieved by the Defendant's unlawful conduct, which adversely affected and infringed upon their legal rights not to be subjected to the illegal acts at issue.

6. Through this action, Plaintiff seeks an injunction and statutory damages on behalf of herself and the Class members, as defined below, and any other

---

[2] The amendment to the FTSA became effective on July 1, 2021.

available legal or equitable remedies resulting from the unlawful actions of Defendant.

## PARTIES

7. Plaintiff is, and at all times relevant hereto was, an individual and a "called party" as defined by Fla. Stat. § 501.059(1)(a) in that she was the regular user of telephone number \*\*\* - \*\*\* - 7887 ("Plaintiff's Telephone Number") that received Defendant's telephonic sales call.

8. Defendant is a limited liability company "doing business in this state" as defined by Fla. Stat. 501.059(1)(e).

9. Defendant is a "Telephone solicitor" as defined by Fla. Stat. § 501.059(1)(i).

10. Defendant is a "person" as defined by Fla. Stat. § 1.01(3).

## JURISDICTION AND VENUE

11. Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state.

12. Defendant made or caused to be made telephonic sales calls into Florida without the requisite prior express written consent in violation of the FTSA. Plaintiff received such a call while residing in and physically present in Hillsborough County, Florida.

13. Defendant made or caused to be made telephonic sales calls into Florida from a telephone number: 1) made available through a caller identification

service, and; 2) not capable of receiving telephone calls in violation of the FTSA. Plaintiff received such a call while residing in and physically present in Hillsborough County, Florida.

14. Venue in this District is proper because Plaintiff resides here, Defendant does business here, and the complained of conduct of Defendant occurred here.

## FACTUAL ALLEGATIONS

15. At all times material hereto, Plaintiff was and is a Florida resident and the regular user of Plaintiff's Telephone Number.

16. On or after July 1, 2021, but before May 25, 2023, Defendant made, or knowingly allowed to be made, the following "telephonic sales call" as defined by Fla. Stat. § 501.059(1)(j) to Plaintiff's Telephone Number from "short-code" telephone number 649936:



4

17. The purpose of Defendant's telephonic sales call was to solicit the sale of consumer goods and/or services to Plaintiff, and/or to obtain information that will or may be used for the direct solicitation of a sale of consumer goods or services.

18. Defendant's telephonic sales call encourages Plaintiff to access a hyperlink contained therein. This hyperlink directs to a website where Defendant solicits the sale of consumer goods and/or services, and/or obtains information that will or may be used for the direct solicitation of a sale of consumer goods or services. Defendant's telephonic sales call therefore ultimately leads to the promotion of goods and services.

19. Upon information and belief, Defendant caused similar telephonic sales calls to be sent to individuals in Florida.

20. The telephonic sales call detailed above involved an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed.

21. The involvement of an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed is demonstrated by Defendant's use of a "short-code" telephone number to send the message and the generic, impersonal nature of the message.

22. "Short-code" telephone numbers are shorter than traditional telephone numbers and are associated with systems involving computer and automated based dialing/calling/messaging platforms.

23. The telephonic sales call detailed above was made without Plaintiff's "[p]rior express written consent" as defined by Fla Stat. § 501.059(1)(g).

24. As a result of the telephonic sales call detailed above, the "short-code" telephone number from which the telephonic sales call was sent was made available through a "caller identification service" as defined by § 501.059(8)(b).

25. The "short-code" telephone number from which the telephonic sales call detailed above was sent is not capable of receiving telephone calls.

26. Both Plaintiff and the telephone to which Plaintiff's Telephone Number was and is assigned were physically located in the State of Florida at the time of the above detailed telephonic sales call.

27. Defendant's unsolicited text message spam caused Plaintiff and the Class members harm, including violations of their statutory rights, trespass, annoyance, nuisance, invasion of their privacy, and intrusion upon seclusion. Defendant's text messages also occupied storage space on Plaintiff's and the Class members' telephones.

28. Upon information and belief, Defendant's website contains inconspicuous hyperlinks to lengthy legal terms, including an arbitration provision buried in Defendant's Terms and Conditions, situated and formatted such that a reasonably prudent person would not be placed on inquiry notice of said terms.

29. The design and content of Defendant's webpage draw a visitor's attention away from the most important part of the page: approximately ten pages of documents containing numerous significant legal provisions.

30. All conditions precedent to the filing of this action have occurred or been waived.

## CLASS ALLEGATIONS

31. Plaintiff brings this lawsuit as a class action on behalf of herself individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3) and/or Federal Rule of Civil Procedure 23. The "Classes" that Plaintiff seeks to represent are defined as:

> **Section 509.501(8)(a) Class: All persons in the State of Florida who, (1) were sent a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff, (3) without "prior express written consent" as defined by Fla.**

> Stat. § 501.059(1)(g), (4) on or after July 1, 2021 but before May 25, 2023.
>
> **Section 509.501(8)(b) Class**: **All persons in the State of Florida who, (1) were sent a telephonic sales call regarding Defendant's goods and/or services, (2) from "short-code" telephone number 649936, (3) on or after July 1, 2021 but before May 25, 2023.**

32. Defendant and its employees or agents are excluded from the Classes. Plaintiff reserves the right to modify or amend the Class definition(s), as appropriate, during the course of this litigation.

33. Plaintiff does not know the exact number of members in the Classes but believes the Class members number in the hundreds.

34. Upon information and belief, Defendant has placed telephonic sales calls to telephone numbers belonging to hundreds of consumers in Florida without their prior express written consent, from a telephone number not capable of receiving telephone calls. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

35. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

36. There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Classes. Among the questions of law and fact common to the Classes are: (1) Whether Defendant initiated a telephonic sales call to Plaintiff and the Class members; (2) Whether Defendant can meet its burden of showing that it had prior express written consent to make such calls; (3) Whether the telephone number from which Defendant sent telephonic sales calls is made available through a caller identification service; (4) Whether the telephone number from which Defendant sent telephonic sales calls is capable of receiving telephone calls; and (5) Whether Defendant is liable for damages, and the amount of such damages.

37. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant transmits telephonic sales calls without prior express written consent is accurate, then Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case. Likewise, if Plaintiff's claim that Defendant transmits telephonic sales calls from a telephone number: 1) made available through a caller identification service, and; 2) that is not capable of receiving telephone calls, is accurate, then Plaintiff and the Class members will have

identical claims capable of being efficiently adjudicated and administered in this case.

38. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

39. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

40. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Classes is economically infeasible and procedurally impracticable. While the aggregate damages sustained by the Classes may be in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

41. The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

## COUNT I
## VIOLATION OF FLA. STAT. § 501.059(8)(a)
**(On Behalf of Plaintiff and the Section 501.059(8)(a) Class)**

42. Plaintiff re-alleges and incorporates the allegations in paragraphs 1 through 41 as if fully set forth herein.

43. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

44. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be

used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(g).

45. "Prior express written consent" means an agreement in writing that:

   1. Bears the signature of the called party;

   2. Clearly authorizes the person making or allowing the placement of a telephonic sales call by telephone call, text message, or voicemail transmission to deliver or cause to be delivered to the called party a telephonic sales call using an automated system for the selection or dialing of telephone numbers, the playing of a recorded message when a connection is completed to a number called, or the transmission of a prerecorded voicemail;

   3. Includes the telephone number to which the signatory authorizes a telephonic sales call to be delivered; and

   4. Includes a clear and conspicuous disclosure informing the called party that:

      a. By executing the agreement, the called party authorizes the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call to the called party using an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called; and

      b. He or she is not required to directly or indirectly sign the written agreement or to agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

Fla. Stat. § 501.059(1)(g).

46. Defendant failed to secure prior express written consent from Plaintiff and the Class members.

47. In violation of the FTSA, Defendant made and/or knowingly allowed a telephonic sales call to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

48. Defendant made and/or knowingly allowed a telephonic sales call to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

49. Defendant's violation of Fla. Stat. § 501.059(8)(a) was willful or knowing, in that at all times material hereto Defendant knew it was making, or knowingly allowing to be made, a telephonic sales call involving an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called to Plaintiff's Telephone Number without Plaintiff's prior express written consent.

50. As a result of Defendant's conduct, and pursuant to §§ 501.059(10) and (11) of the FTSA, Plaintiff and Class members were harmed and are each entitled to recover damages, costs, and attorney's fees from Defendant. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

## COUNT II
## <u>VIOLATION OF FLA. STAT. § 501.059(8)(b)</u>
## (On Behalf of Plaintiff and the Section 501.059(8)(b) Class)

51. Plaintiff re-alleges and incorporates the allegations in paragraphs 1 through 41 as if fully set forth herein.

52. The FTSA requires that "[i]f a telephone number is made available through a caller identification service as a result of a telephonic sales call, the solicitor must ensure that telephone number is capable of receiving telephone calls and must connect the original call recipient, upon calling such number, to the telephone solicitor or to the seller on behalf of which a telephonic sales call was placed." Fla. Stat. § 501.059(8)(b).

53. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(g).

54. "Telephone solicitor" is defined as "a natural person, firm, organization, partnership, association, or corporation, or a subsidiary or affiliate thereof, doing business in this state, who makes or causes to be made a telephonic

sales call, including, but not limited to, calls made by use of automated dialing or recorded message devices." Fla. Stat. § 501.059(1)(i).

55. A "caller identification service" is defined as "a service that allows a telephone subscriber to have the telephone number and, where available, the name of the calling party transmitted contemporaneously with the telephone call and displayed on a device in or connected to the subscriber's telephone." Fla. Stat. § 501.059(8)(b).

56. In violation of the FTSA, Defendant made or caused to be made a telephonic sales call to Plaintiff, from a telephone number: 1) made available through a caller identification service, and; 2) not capable of receiving telephone calls.

57. Defendant's violation of Fla. Stat. § 501.059(8)(b) was willful or knowing, in that at all times material hereto Defendant knew it was making, or knowingly allowing to be made, a telephonic sales call to Plaintiff, from a telephone number: 1) made available through a caller identification service, and; 2) not capable of receiving telephone calls.

58. As a result of Defendant's conduct, and pursuant to §§ 501.059(10) and (11) of the FTSA, Plaintiff and Class members were harmed and are each entitled to recover damages, costs, and attorney's fees from Defendant. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

b) An award of statutory damages for Plaintiff and each member of the Classes;

c) An injunction requiring Defendant to cease all telephonic sales calls made without express written consent, and to otherwise protect the interests of the Section 501.059(8)(a) Class;

d) An injunction requiring Defendant to cease all telephonic sales calls made from a telephone number: 1) made available through a caller identification service, and; 2) not capable of receiving telephone calls, and to otherwise protect the interests of the Section 501.059(8)(b) Class;

e) An award of reasonable attorney's fees and court costs;

f) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Classes, hereby demands a trial by jury.

DATED: June 12, 2023

                                              Respectfully Submitted By:

                                              /s/ *Benjamin W. Raslavich*
                                              **BENJAMIN W. RASLAVICH, ESQ.**
                                              Florida Bar No.: 0102808
                                              **KUHN RASLAVICH, P.A.**
                                              2110 West Platt Street
                                              Tampa, Florida 33606
                                              Telephone: (813) 422 – 7782
                                              Facsimile: (813) 422 – 7783
                                              ben@theKRfirm.com
                                              Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 12, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                              /s/ *Benjamin W. Raslavich*
                                              **BENJAMIN W. RASLAVICH, ESQ.**
                                              Florida Bar No.: 0102808
                                              **KUHN RASLAVICH, P.A.**